IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| U.S. BANK TRUST, N.A., *as trustee for* LSF9 Master Participation Trust c/o Brock & Scott, PLLC,<br><br>  Plaintiff,<br><br>  v.<br><br>AARON BUTLER, JR., *and/or all others*,<br><br>  Defendant. | CIVIL ACTION FILE NO.<br>1:16-CV-04079-TWT-CMS<br><br>Removed from Magistrate Court of Henry County, Georgia<br><br>Case No. 2016-5379CD |

**FINAL REPORT AND RECOMMENDATION**

**AND ORDER**

This matter is before the Court on the affidavit and request to proceed *in forma pauperis* ("IFP") filed by defendant Aaron Butler, Jr. ("Butler"). (Doc. 1). Butler, who is proceeding without counsel, seeks to remove this dispossessory action to federal court from the Magistrate Court of Henry County, Georgia, based upon his assertion of certain defenses, including alleged violations of the "Federal Protecting Tenants Act

Foreclosure Act Sec. 702," the Fourteenth Amendment to the U.S. Constitution, and various state statutes.  (Doc. 1-1 at 1-2).

After consideration by the Court of Butler's affidavit of indigency only, his request to proceed IFP is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). However, because this Court does not have original jurisdiction over the claim made in state court, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of Henry County, Georgia for lack of subject matter jurisdiction.

## I. DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), this court must remand any action that has been improperly removed if the court lacks subject matter jurisdiction:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

Accordingly, the Court must examine Butler's notice of removal to determine whether there is a proper basis for removal.  In order for removal to be proper, Butler must demonstrate that the action is based on diversity jurisdiction, or that the action contains one or more claims arising under the Constitution, treaties, or laws of the United States.  28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332.  In other words, a federal

2

district court must have original jurisdiction over the initial action. 28 U.S.C. § 1441(a). The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). The party seeking removal bears the burden to establish federal jurisdiction. Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

Based on the civil cover sheet completed by Butler and the removal documents filed with the Court, Butler appears to be attempting to remove this case on the basis of federal question jurisdiction. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)).

Here, the action instituted by the plaintiff, U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, in the Magistrate Court of Henry County appears to be a dispossessory action seeking possession of the premises located at 324 Queenscastle Drive, Ellenwood, Georgia, 30294, and the eviction of Butler as a tenant at sufferance following foreclosure. (Doc. 1-1 at 4, "Dispossessory Affidavit"). Under the well-pleaded complaint rule, there is no indication that the state court dispossessory

3

AO 72A
(Rev.8/82)

proceedings contain a federal question. Butler may not invoke federal question jurisdiction solely on the basis of a defense or counterclaim based on federal law. See Caterpillar, 482 U.S. at 393; Jefferson County, Ala. v. Acker, 527 U.S. 423, 431 (1999).

It is also apparent that no diversity jurisdiction exists. Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction for all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. See id. The pleadings indicate that the plaintiff seeks possession of the premises against the defendant as a tenant at sufferance following foreclosure. (Doc. 1-1 at 4). With respect to the calculation of the amount in controversy when the dispute involves a dispossessory proceeding, this court has held "as a matter of law, that a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy." Novastar Mortgage, Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001). Thus, there is no monetary amount in controversy for dispossessory actions where the plaintiff is seeking only equitable relief from the court to gain possession of real property. See id.

## II. CONCLUSION

Butler has failed to demonstrate that this court has subject matter jurisdiction over the plaintiff's claim. Accordingly, I **RECOMMEND** that this action be **REMANDED**

4

to the Magistrate Court of Henry County, Georgia for lack of subject matter jurisdiction. Butler's request to proceed IFP (Doc. 1) is **GRANTED** solely for the purpose of remand.

**IT IS SO RECOMMENDED AND ORDERED**, this 4th day of November, 2016.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE